# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Abingdon Division

| | |
|---|---|
| CHRISTOPHER D. NOVAK | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. _____ |
| | ) |
| TROOPER ALLEN T. STUART | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff Christopher Novak ("Mr. Novak"), by counsel, and for his Complaint seeking judgment against Defendant Trooper A.T. Stuart ("Defendant Stuart"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over Mr. Novak's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

2. This Court has supplemental jurisdiction over Mr. Novak's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the acts and omissions giving rise to Mr. Novak's claims occurred within the Western District of Virginia.

4. Assignment to the Roanoke Division of the Western District of Virginia is proper, pursuant to Western District of Virginia Local Rules 2(a)(1) and 2(b), because a substantial part of the acts and omissions giving rise to Mr. Novak's claims occurred in Bland County.

## PARTIES

5. At all relevant times, Mr. Novak was a citizen of the United States, and a resident of the State of North Carolina.

6. At all relevant times, Defendant Stuart was an officer employed by the Commonwealth of Virginia, and acted under color of state law.

## STATEMENT OF FACTS

7. On December 15, 2020, Mr. Novak was traveling from North Carolina to California in his automobile. At all relevant times, Mr. Novak was traveling North Bound on I-77 at the 63.5 mile marker in Bland County, Virginia.

8. At the time, unbeknownst to Mr. Novak, he was suffering from an undiagnosed brain tumor.

9. As Mr. Novak was driving, he began to notice that he could not control his head and was uncontrollably biting his lip.

10. Mr. Novak did not know what was happening or why he felt the way he did, but he did know that something was wrong.

11. Mr. Novak pulled off to the side of the road and became stuck in the mud.

12. At some point, a Good Samaritan on the roadway saw Mr. Novak's vehicle and called 911 to advise them of the situation. The Good Samaritan advised 911 that Mr. Novak was completely stopped in the roadway. Importantly, the 911 caller advised that the situation looked like a medical emergency.

13. Defendant Stuart was dispatched to the scene.

14. In the meantime, Mr. Novak was attempting to get his vehicle out of the mud.

15. Despite Mr. Novak's vehicle being four-wheel drive, he was unable to remove his vehicle from the side of the road because of the mental confusion caused by his medical condition.

16. When Defendant Stuart arrived on scene, Mr. Novak was still attempting to reverse his vehicle out of the mud.

17. Mr. Novak was confused and disoriented by the seizure, sitting in his vehicle with blood on his face and sweatshirt.

18. Defendant Stuart walked around to the driver's side and asked Mr. Novak to put his vehicle in park and turn it off.

19. Mr. Novak turned off the vehicle before placing it in park.

20. Defendant Stuart asked Mr. Novak to exit the vehicle.

21. While it was December, Mr. Novak was dressed in shorts and a sweatshirt as it was more comfortable for the cross-country drive.

22. Defendant Stuart asked Mr. Novak to perform a number of sobriety tests, which Defendant Stuart claims were failed for lack of balance.

23. Not only was Mr. Novak still confused and recovering from his medical emergency with blood on his face, but he was freezing cold and shivering outside wearing shorts in the cold December weather.

24. At no time did Defendant Stuart smell alcohol.

25. Defendant Stuart searched Mr. Novak's person and vehicle.

26. At no time did Defendant Stuart smell any drugs or other odor indicative of drug use.

27. At no time did Defendant Stuart observe any signs of drugs or alcohol on Mr. Novak's person or in his vehicle.

28. Defendant Stuart then asked Mr. Novak to submit to a breath test, to which Mr. Novak complied.

29. The results of the breath test were 0.000.[1]

30. The EMS arrived and asked to evaluate Mr. Novak, still confused Mr. Novak declined.

31. Defendant Stuart handcuffed Mr. Novak's hands in the front of his person, and Mr. Novak was then taken to Wythe County Community Hospital in the front seat of Defendant Stuart's vehicle.

32. At Wythe County Community Hospital Mr. Novak agreed to have his blood drawn.

33. When his blood test came back months later results were negative for drugs and alcohol.

34. Mr. Novak was not medically evaluated while he was at Wythe County Community Hospital.

35. From the hospital, Mr. Novak was taken to the magistrate where Defendant Stuart swore out a warrant for Mr. Novak's arrest for violation of Virginia Code § 18.2-266.

36. Mr. Novak was then transported to New River Regional Jail where he spent the night in jail for having a medical emergency while driving.

37. Any and all charges against Mr. Novak were dismissed four months later.

---

[1] Mr. Novak was breathalyzed numerous times throughout his detention, all of which read 0.000.

# COUNT I
## 42 U.S.C. § 1983 – Unreasonable Seizure/Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments

38. Mr. Novak incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

39. 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

40. At all relevant times, Defendant Stuart was acting under color of state law.

41. At all relevant times, Mr. Novak, a citizen of the United States and the state of North Carolina, had a clearly established right under the Fourth Amendment, as applied to the states by the Fourteenth Amendment, to be free from legal process being issued against him unsupported by probable cause.

42. Defendant Stuart caused legal process to issue against Mr. Novak with reckless disregard for the truth and without probable cause.

43. Defendant Stuart had no indicia that Mr. Novak's condition was caused by drugs or alcohol.

44. Defendant Stuart acted with malice when he sought the warrant for Mr. Novak's arrest under Virginia Code § 18.2-266 in reckless disregard for the truth, and without probable cause.

45. As a direct and proximate cause of Defendant Stuart's malicious prosecution, Mr. Novak suffered financial, emotional and physical harm, and was otherwise injured.

46. Defendant Stuart's malicious prosecution of Mr. Novak establishes a cause of action pursuant to 42 U.S.C. § 1983 for monetary relief consisting of compensatory damages and punitive damages in the amount to be established at trial, as well as attorney's fees and costs.

## COUNT II
### State Law Malicious Prosecution

47. Mr. Novak incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

48. Defendant Stuart caused legal process to issue against Mr. Novak with reckless disregard for the truth and without probable cause.

49. Defendant Stuart had no indicia that Mr. Novak's condition was caused by drugs or alcohol.

50. Defendant Stuart acted with malice when he sought the warrant for Mr. Novak's arrest under Virginia Code § 18.2-266 in reckless disregard for the truth, and without probable cause.

51. The legal proceedings against Mr. Novak ended favorably when the Circuit Court of Bland County dismissed the charge with prejudice.

52. As a direct and proximate cause of Defendant Stuart's malicious prosecution, Mr. Novak suffered financial, emotional and physical harm, and was otherwise injured.

## DAMAGES

53. As a direct result of the Defendant Stuart's conduct, Mr. Novak suffered severe injuries and damages, including:

    a. Shame, fright, mortification, embarrassment, humiliation and loss of dignity and pride, mental anguish, emotional pain, torment and suffering caused by the Defendant Stuart's unlawful violation of Mr. Novak's constitutional rights;

    b.  Violation of Mr. Novak's constitutional rights;

    c.  Other associated costs caused by Defendant Stuart's violation of Mr. Novak's constitutional rights.

54.    Further, Mr. Novak asks that the Court award him expenses that he reasonably incurs in this litigation, including reasonable attorneys' and expert fees, pursuant to 42 U.S.C. § 1988(b) and (c).

WHEREFORE, based upon the foregoing, Mr. Novak demands judgment against Defendant Stuart for compensatory damages and punitive damages pursuant to 42 U.S.C. § 1983 and state law in an amount to be established at trial in an amount above the jurisdictional limit, together with costs incurred in the pursuit of just resolution of this matter, pre-judgment and post-judgment interest, and attorneys' fees to be established by the Court.

**A JURY TRIAL IS REQUESTED.**

Respectfully Submitted,
CHRISTOPHER NOVAK

By: _____/s/_____
           Counsel

Andrew Lucchetti (VSB No. 86631)
Darrell J. Getman (VSB No. 95751)
Halperin Law Center, LLC
4435 Waterfront Drive, Suite 100
Glen Allen, VA 23060
Phone: (804) 527-0100
Facsimile: (804) 597-0209
andrew@hlc.law
Darrell@hlc.law
*Counsel for Plaintiff*